# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DON MCCUTCHEN, *a citizen and resident of Oklahoma*, *and*;<br>2. WANDA MCCUTCHEN, *a citizen and resident of Oklahoma*,<br><br>  *Plaintiffs*,<br><br>*vs.*<br><br>1. TANGO SUMMIT RANCH, LLC, *a Texas limited liability corp.*,<br><br>  *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 6:21-cv-00296-KEW<br>)<br>)<br>)<br>)<br>) |

## INITIAL DISCLOSURES OF PLAINTIFFS, DON MCCUTCHEN AND WANDA MCCUTCHEN

Plaintiffs, Don McCutchen and Wanda McCutchen, in the above-styled case submits the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

A. Individuals likely to have discoverable information:

| | Name | Proposed Testimony |
|---|---|---|
| 1. | Don McCutchen | May testify as to the facts and circumstances regarding their claim against Defendant. |
| 2. | Wanda McCutchen | May testify as to the facts and circumstances regarding their claim against Defendant. |
| 3. | Brent McCutchen | May testify as to the facts and circumstances regarding Plaintiff's claim against Defendant. |
| 4. | Todd McCutchen | May testify as to the facts and circumstances regarding Plaintiff's claim against Defendant. |
| 5. | Joel Trammell | May testify as to the facts and circumstances regarding Plaintiff's claims against Defendant, operation of Defendant's land, conversation with Plaintiff, and the damages that occurred on Plaintiff's land. |
| 6. | Darryl Davy | May testify as to the facts and circumstances regarding Plaintiff's claims against |

|     |     |     |
| --- | --- | --- |
|     |     | Defendant, operation of Defendant's land, conversation with Plaintiff, and the damages that occurred on Plaintiff's land. |
| 7.  | James Spurgeon | May testify as to the damages to Plaintiff's land and monetary values associated with the physical damages. |
| 8.  | All witnesses whose identities are determined during the course of discovery. ||
| 9.  | All witnesses listed by all other parties, whether called or not. ||
| 10. | This list will be supplemented during discovery or as otherwise required by the Federal Rules of Civil Procedure or the Court's Scheduling Order. ||

    B. Documents related to the prosecution of this case:

|     |     |
| --- | --- |
| 1.  | Plaintiff 000001-000009; Correspondence with Defendant regarding Plaintiff's Property |
| 2.  | Plaintiff 000010-000043; Google Ariel Photos of Property |
| 3.  | Plaintiff 000044-000339; Photos of Plaintiff's Property after the Damage |
| 4.  | Plaintiff 000340-000343; Legal Descriptions of Plaintiff's and Defendant's Property |
| 5.  | Plaintiff 000344-000407; James Spurgeon – Appraisal Report – McCutchen Property |
| 6.  | Plaintiff 000408; Letter Regarding Plaintiff's Property |
| 7.  | Plaintiff 000409-000428; Valuation of Trees and Photos of Damage on Plaintiff's Property |
| 8.  | Documents listed or identified by all other parties |
| 9.  | All documents discovered during discovery |
| 10. | This list will be supplemented during discovery or as otherwise required by the Federal Rules of Civil Procedure or the Court's Scheduling Order |

    C. Damages

Plaintiff is making numerous claims in this matter: (1) negligence; (2) negligence per se; (3) nuisance; (4) trespass, and (5) punitive damages. Additionally, Plaintiff is requesting attorneys' fees pursuant to 12 O.S. § 940. As to the damages for each claim,

Plaintiff is requesting the following:

| Category of Damages | Calculation of Damages |
|---|---|
| Negligence | The damages for negligence were determined by determining the market value of Plaintiffs' property before and after Defendant's actions. This difference in market value totaled $97,500.00; therefore, Plaintiff is claiming $97,5000 in damages for their negligence claim. |
| Negligence Per Se | Pursuant to 23 O.S. § 72(A), ""for wrongful injury to timber upon the land of another, or removal thereof, the measure of damages is not less than three (3) times nor more than ten (10) times such a sum as would compensate for the actual detriment." Based on the market value differentiation of $97,500, the negligence per se calculation of damages would be between $292,500 and $975,000. |
| Nuisance | $500,000 |
| Trespass | $250,000 |
| Punitive Damages | Pursuant to 23 O.S. § 23-9.1(B)(2)(a-b), the amount of one hundred thousand dollars ($100,000.00) or the amount of the actual damages awarded, whichever is greater. |
| Attorneys' Fees | Attorneys' Fees to be determined by this Court. |

D. Experts

Plaintiff has retained James Spurgeon as their expert in this matter. Defendant has been provided with his report.

Respectfully submitted,

*/s/David Proctor*
David D. Proctor (OBA #13863)
Seth D. Coldiron (OBA #20041)
D. Bryan Goodpasture (OBA #33894)

GOOLSBY, PROCTOR, HEEFNER & GIBBS, PC<br>
701 N. Broadway Avenue, Suite 400<br>
Oklahoma City, Oklahoma 73102<br>
(405) 524-2400; (405) 525-6004 (F)<br>
dproctor@gphglaw.com<br>
scoldiron@gphglaw.com<br>
bgoodpasture@gphglaw.com<br>
*Attorneys for Plaintiffs,*<br>
*Don and Wanda McCutchen*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 25, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.
John H. Tucker (OBA #09110)
Colin H. Tucker (OBA #16325)
P.O. Box 21100
Tulsa, OK 74121-1100
Telephone: (918) 582-1173
Facsimile: (918) 592-3390

Email: jhtucker@rhodesokla.com
       chtucker@rhodesokla.com

*Attorneys for Defendant,*
*Tango Summit, LP*

*/s/David Proctor*<br>
David Proctor

4